UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEE MEMORIAL HEALTH SYSTEM,

        Plaintiff,

v.                              Case No: 2:14-cv-651-FtM-29DNF

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant/Third
        Party Plaintiff

DELILAH CARROWAY,
        Third Party Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of plaintiff Lee Memorial Health System's Motion for Remand (Doc. #9) filed on December 8, 2014. Defendant, State Farm Mutual Automobile Insurance Company filed a Response in Opposition (Doc. #13) on December 23, 2014. The Motion is now fully briefed and ripe for the Court's review.

**I.**

On November 9, 2013, Delilah Carraway (Carraway) was a passenger on a motorcycle being operated by Gary Nicholas. (Doc. #9, p. 2.) Carraway was seriously injured when the motorcycle collided with an automobile that was owned by Domonic Zammit (Zammit) and operated by Rajner Llanaj, who was cited for failure

to yield to oncoming traffic.  (Id.)  Carraway was admitted for emergency treatment at one of Lee Memorial Health Systems (LMHS) hospitals[1] on November 9, 2013, and remained hospitalized until November 15, 2013.  (Doc. #2, ¶ 5.)

LMHS billed Carraway $76,047.98 for the medical services she was provided while she was hospitalized, all of which remains unpaid.  On November 13, 2013, LMHS recorded a hospital lien claim against Carraway for $47,475.48 in the official records of Lee County, Florida.  On November 27, 2013, LMHS recorded an amended claim of lien against Carraway in the official records of Lee County, Florida in the amount of $76,047.98.

State Farm Mutual Automobile Insurance Company (State Farm) is an Illinois corporation doing business as an insurer in the State of Florida.  State Farm, which insured Zammit's automobile, settled the claim with Carraway, who released State Farm from any further liability after the settlement.  LMHS alleges that State Farm settled Carraway's claim without consideration of LMHS's hospital lien claim.  LMHS did not consent to the release from liability nor did it approve the settlement between Carraway and State Farm.  LMHS argues that State Farm knew or should have known about the hospital services lien claim and not settled with Carraway without first satisfying the lien.  As a result, LMHS

---

[1] The Complaint does not specify which one of the hospitals operated by Lee Memorial Health Services treated Carraway.

2

filed this lawsuit against State Farm in the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida. LMHS's Complaint alleges that State Farm impaired its hospital lien by settling with Carraway without satisfying the hospital claim of lien, resulting in damages to LMHS.

State Farm removed the case from the State Court to this Court on November 6, 2014, on the basis of diversity of citizenship jurisdiction. LMHS now seeks to remand the case to the state Circuit Court, arguing that the parties are not completely diverse and therefore the Court lacks subject matter jurisdiction.

## II.

A defendant may remove a civil case from state court to federal court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing diversity jurisdiction as of the date of the removal. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010).

The parties do not dispute that the amount in controversy has been satisfied, but LMHS asserts that there is not complete diversity of citizenship because their claim is a "direct action" against an insurance company, as described in 28 U.S.C. §

3

1332(c)(1), and therefore the Florida citizenship of the insured is imputed to State Farm. State Farm counters that this is not a direct action under § 1332(c)(1), and the parties are completely diverse.

For the purposes of determining diversity, a corporation is generally deemed to be a citizen of every State and foreign state in which it was incorporated, as well as the State or foreign state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). The statute imputes an additional citizenship "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant . . ." 28 U.S.C. § 1332(c)(1). In such a direct action case, the insurance company is also deemed to be a citizen of "every State and foreign state of which the insured is a citizen; . . ." 28 U.S.C. § 1332(c)(1)(A). Thus, "if a third-party plaintiff brings a direct action against a tortfeasor's liability insurer, the insurer is considered a citizen of the insured's state." Kong v. Allied Prof'l Ins. Co., 750 F.3d 1295, 1299 (11th Cir. 2014).

Although not statutorily defined, courts have "'uniformly defined' the term 'direct action' to refer to those 'cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment

against him." Kong, 750 F.3d at 1299–1300 (quoting Fortson v. St. Paul Fire & Marine Ins. Co., 751 F.2d 1157, 1159 (11th Cir. 1985) (emphasis omitted)). The direct action statute will defeat diversity jurisdiction only if the claim the third party has against the insured is the same one asserted against the insurance company as within the zone of primary liability for which the company issued the policy. John Cooper Produce, Inc. v. Paxton Nat. Ins. Co., 774 F.2d 433, 435 (11th Cir. 1985).

In this instance, LMHS's claim against State Farm does not satisfy the definition of direct action. LMHS's claim against State Farm is not of the same type as covered by the insurance policy issued by State Farm to Zammit, the insured owner of the vehicle that hit Carraway. A direct action does not exist unless the plaintiff's cause of action against the insurer is of such a nature that the liability sought to be imposed could be imposed against the insured. Fortson, 751 F.2d at 1159. LMHS's litigation against State Farm is not this type of action and is therefore not a direct action. As such, the direct action exemption does not apply to this case.

Upon review of the Notice of Removal and Complaint, the Court finds the plaintiff LMHS is a citizen of the State of Florida. The defendant State Farm is a corporation organized and existing under the laws of the state of Illinois with its principal place of business also in Illinois. Accordingly, State Farm is a citizen

of the State of Illinois for the purposes of diversity jurisdiction. Therefore, the parties are diverse, the Court maintains diversity jurisdiction, and the motion to remand is denied.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Remand (Doc. #9) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of September, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of record